# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD RICHARD SMITH, | : | CIVIL ACTION NO. 3:CV-15-0892 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| UNITED STATES PAROLE COMMISSION | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner, Ronald Richard Smith, an inmate presently incarcerated at the United States Penitentiary, Terre Haute, Indiana, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges the timeliness of a revocation hearing the United States Parole Commission provided him on a detainer placed against him on January 5, 2012. (Doc. 1, petition). The petition is ripe for disposition. For the reasons set forth below the petition will be denied.

## **I. Background**

On July 19, 1982, Smith was sentenced in the United States District Court for the Eastern District of Pennsylvania to an eighteen (18) year term of imprisonment for bank robbery and escape. (Doc. 13-1 at 4, sentence monitoring

computation data).

On May 26, 1989, Smith was paroled from his sentence by the U.S. Parole Commission, and was to remain under parole supervision until May 27, 2000. (Doc. 13-1 at 18).

On or about July 15, 1992, Smith was again arrested for Bank Robbery and Escape, following a high speed chase and collision while fleeing from the Philadelphia Savings Fund Bank. (Doc. 13-1 at 7, Sentence Monitoring Computation Data).

On July 31, 1992, the Commission issued a warrant charging Petitioner with violating the conditions of parole by committing an armed bank robbery. (Doc. 13-1 at 18, Federal Institution Revocation Prehearing Assessment).

On August 20, 1993, the Commission's warrant was placed as a detainer at the United States Penitentiary Leavenworth, where Smith was incarcerated. Id.

On October 6, 1993, the Commission supplemented its detainer warrant with information that on March 11, 1993, Petitioner was found guilty of bank robbery in the United States District Court for the Eastern District of Pennsylvania, and sentenced to 146 months imprisonment. Id.

On March 14, 2003, upon completion of the service of his 146 month

2

sentence, the Commission warrant was executed. Id.

On July 10, 2003, the Commission conducted a parole revocation hearing. Id. The Commission ordered Petitioner's parole revoked, and that he receive no credit for time spent on parole ("street time") (i.e., the period from the date of his release on parole, May 26, 1989, to the date of execution of the Commission's warrant, March 14, 2003). Id.

On August 15, 2003, Petitioner was reparoled and to remain under parole supervision until March 13, 2014. (Doc. 13-1 at 21, Certificate of Parole).

On June 5, 2006, the Commission issued a parole violation warrant charging petitioner with violating the conditions of parole by committing a bank robbery. (Doc. 13-1 at 25, Warrant Application).

On December 7, 2006, the Commission supplemented the warrant with the following information:

> The releasee was convicted by the U.S. District Court, Eastern District of Pennsylvania, on 11-21-2006 for the above cited offense and sentenced to 105 months incarceration and 3 years supervised release. This charge is based on the information contained in the violation report dated 11-30-2006 from supervising officer James Muth and a judgment dated 11-21-2006 for case number 06-CR-299-1.

(Doc. 13-1 at 28, Supplement to Warrant Application).

3

On January 5, 2012, the Commission was informed that its warrant had been lodged as a detainer at the United States Penitentiary, Lewisburg, where Petitioner was serving his new sentence. (Doc. 13-1 at 5, Sentence Monitoring Computation Data). The Commission was further informed that Petitioner's projected release date is February 5, 2014. Id.

On February 5, 2014, Petitioner was taken into custody pursuant to the Commission's warrant. (Doc. 13-1 at 29, Warrant Return).

On May 22, 2014, the Commission conducted a parole revocation hearing. (Doc. 13-1 at 30, Revocation Hearing Summary). Based on Petitioner's conviction, and his admission, the Commission found that he had violated the conditions of parole as charged, and revoked his parole. (Doc. 13-1 at 32, Notice of Action). The Commission further ordered that he receive no credit for time spent on parole, and that he serve to the expiration of his sentence. Id. The National Appeals Board affirmed this decision on administrative appeal. (Doc. 13-1 at 35, Notice of Action on Appeal).

On January 13, 2015, Petitioner filed the above captioned petition for writ of habeas corpus, in which Smith seeks to be released as a result of the delay in receiving his parole revocation hearing. (Doc. 1, petition at 5).

4

**II. Discussion**

Smith is not entitled to federal habeas corpus relief simply because he alleges that there was a delay in conducting his parole revocation hearing. At the outset, it is clear that the Commission may lawfully delay the execution of a parole violation warrant until after completion of the service of a new sentence by the alleged parole violator. Moody v. Daggett, 429 U.S. 78, 87 (1976). Once a prisoner has completed his sentence, normally, "[a]ny alleged parole violator who is summoned or retaken by warrant shall receive a revocation hearing within ninety days of the date of retaking." 18 U.S.C. § 4214(c).

In this case, Smith's dispositional hearing was conducted within 106 days of Smith coming into Commission custody and Smith received the Commission's decision 126 days after he was remanded to Commission custody. However, this brief delay beyond the timetables generally prescribed by law for such hearing does not automatically entitle Smith to federal habeas corpus relief. Rather, it is well-settled that " 'delay, per se, does not constitute a violation of due process entitling an accused violator to immediate release where the parolee has ... been afforded the revocation hearing and the facts of the violation fairly adjudicated.' McNeal v. United States, 553 F.2d 66, 68 (10th Cir.1977); see also Thomas v. United

States Parole Comm'n, Civ. A. No. 92–590, 1992 U.S. Dist. LEXIS 11663, at *6, 1992 WL 193695 (D.D.C. Aug. 4, 1992) (same). In order to obtain habeas relief on this due process claim, [a petitioner] must show not only that the delay in holding a revocation hearing was unreasonable, but also that the delay was prejudicial. See Stokes v. Pa. Bd. of Prob. and Parole, Civ. A. No. 1:04–1513,2005 U.S. Dist LEXIS 44065, at * 14, 2005 WL 1322802 (M.D. Pa. May 9, 2005); Watlington v. Hendricks, Civ. A. No. 04–942, 2006 U.S. Dist. LEXIS 27421, at *28–29, 2006 WL 1128709 (D.N.J. Apr. 26, 2006)." Coates v. Hogsten, CIV.A.1:07–CV–0424, 2007 WL 3125125 (M.D. Pa. Oct.24, 2007). Thus:

> In order to establish a due process violation, the petitioner must show that the delay was both unreasonable and prejudicial. Id.; see also Parson v. Edwards, 709 F.Supp. 548, 552 (M.D. Pa.1988) (citing Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir.1983)). Although the Supreme Court has not delineated what amount of time is unreasonable, it found that a lapse of two months "would not appear to be unreasonable." Morrissey, 408 U.S. at 488. This court has held that a 163–day delay is not unreasonable. See Wilfort v. Holt, 2006 U.S. Dist. LEXIS 60430, at *6–7, 2006 WL 2474063 (M.D. Pa. Aug.25, 2006). Judges in the Eastern District Court of Pennsylvania, have also found that delays of up to five months do not violate due process under the Fourteenth Amendment. See e.g., Smith v. Jacobs, 1994 WL 269264, at *4 (E.D. Pa. June 14, 1994) (delay of four months not unreasonable); United States ex rel. Burgess v. Lindsey, 395 F.Supp. 404, 410–11 (E.D. Pa.1975) (five month delay not unreasonable, but delay of nine months was unreasonable).

6


Kyle v. Lindsay, CIV.A.3:06–0948, 2008 WL 4571871 (M.D. Pa. Oct.10,2008). See Allston v. Gaines, 158 F.Supp.2d 76, 81 (D.D.C.2001) (held, a delay of eighty-two days was not unreasonable.)

Judged against these benchmarks, Smith has not experienced an unreasonable delay in this case. Smith's revocation hearing was conducted within 106 days, only 16 days past the 90 day period prescribed by statute, and Smith received the Commission's decision 126 days after he was taken into custody, and some 36 days after this 90–day period had elapsed. Since this entire revocation process exceeded this 90–day deadline by less than three months, Smith cannot show that he has suffered an unreasonable delay in this case. Indeed, Smith's arguments in this regard fail because they encounter an immutable obstacle: Smith's revocation is based largely upon the fact that this convicted bank robber was convicted of robbing banks while on parole for bank robbery charges. Since "[a petitioner] must show not only that the delay in holding a revocation hearing was unreasonable, but also that the delay was prejudicial, see Stokes v. Pa. Bd. of Prob. and Parole, Civ. A. No. 1:04–1513, 2005 U.S. Dist LEXIS 44065, at *14, 2005 WL 1322802 (M.D. Pa. May 9, 2005); Watlington v. Hendricks, Civ. A. No. 04–942, 2006 U.S. Dist. LEXIS 27421, at *28–29, 2006 WL 1128709 (D.N.J. Apr. 26, 2006)," Coates v. Hogsten,

7

CIV.A.1:07–CV–0424, 2007 WL 3125125 (M.D. Pa. Oct.24, 2007), Smith's inability to show any conceivable prejudice arising from the timing of this hearing on these compelling facts is fatal to his petition for writ of habeas corpus and requires denial of the petition.    A separate Order will be issued.

Dated:   July 21, 2015                                          /s/ William J. Nealon
                                                                **United States District Judge**

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD RICHARD SMITH, | : | CIVIL ACTION NO. 3:CV-15-0892 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| UNITED STATES PAROLE COMMISSION, | : | |
| Respondent | : | |

## ORDER

**AND NOW, THIS 21st DAY OF JULY, 2015**, for the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**;

2. The Clerk of Court is directed to **CLOSE** this case.

/s/ William J. Nealon
**United States District Judge**